## SWIFT RIVER COMPANY *vs.* FITCHBURG RAILROAD COMPANY.

Hampshire.     September 21, 1897. — October 21, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Negligence of Railroad in delivering Merchandise — Contract — Trover — Damages — Law and Fact.*

In an action against a railroad company for failure to deliver at E. in this Commonwealth, with reasonable despatch, two steel boilers and fittings and castings, which were shipped to the plaintiff from F., the defendant admitting that the delay in delivery was caused by its negligence in first sending the merchandise to E. in another State, if there is no evidence which fairly tends to show that the defendant had notice of the circumstances attending the ordering of the boilers, or of the nature of the plaintiff's business, and the use to which the boilers were to be put, or of the fact that the plaintiff's mill was stopped or to be stopped for the purpose of making a change in boilers, and such notice cannot be inferred fairly from the character of the property, or from the fact that the old boilers were sent over the defendant's road to the same person who had furnished the new ones soon after those had been shipped, the plaintiff is not entitled to damages, as they could not have been within the contemplation of the parties when the goods were received for transportation, and were not the proximate result of the delay on the defendant's part, except in the single particular of cash expended for "telegrams, time, and expenses looking for boilers, and team for hauling expected boilers."

TORT, in two counts, to recover damages for the defendant's failure to deliver at Enfield in this Commonwealth with reasonable despatch two steel boilers and fittings and castings, which were shipped to the plaintiff from Fitchburg over the defendant's railroad. Trial in the Superior Court, without a jury, before *Wardwell*, J., who allowed a bill of exceptions, in substance as follows.

It appeared that the goods were shipped on August 3 and should have been at Enfield on August 5 ; that they were sent by mistake on the defendant's part to Enfield, New Hampshire, and in consequence were not received by the plaintiff until August 13. The defendant admitted that the delay was caused by its negligence, and the only question was one of damages.

The plaintiff offered to prove that the boilers and attachments were not such as are kept in stock, and that they have no market value, but were especially ordered by the plaintiff to replace old

boilers in the plaintiff's factory; that it had ordered the boilers to be shipped from Fitchburg on August 3, and, anticipating the arrival at Enfield on the 5th of the same month, made preparations to receive and place the boilers, which preparations involved the stopping of the entire plant of the plaintiff. It offered to show that, in daily expectation that the boilers would arrive, it expended $355.25 in cash items, all of which was for labor and for a temporary roof and removing the same, except "telegrams, time, and expenses looking for boilers, and team for hauling expected boilers, $15"; and that the use of the boilers during the time it was wrongfully kept out of the use of the same by the defendant would have been worth $350, and the cash loss and delay an additional sum of $350.

There was no offer to show that the defendant had notice of the circumstances attending the ordering of the boilers, or the arrangements to replace the old boilers with them, except as appeared in the plaintiff's offer of evidence, and so far as the nature of the property and the circumstances set out in the offer of proof would naturally suggest the same.

The judge excluded all the evidence offered by the plaintiff on the question of damages, and ruled that, assuming all the facts offered to be true and proved, yet the plaintiff, as matter of law, would be entitled to nominal damages only, and found for the plaintiff in the sum of one dollar; and the plaintiff alleged exceptions.

*W. G. Bassett,* for the plaintiff.

*G. A. Torrey,* for the defendant.

MORTON, J.   There are two counts in the declaration, one for negligently failing to carry with reasonable despatch, and the other in trover, and both being for the same cause of action. The goods were shipped on August 3, and should have been at Enfield on August 5.   They were sent by mistake on the defendant's part to Enfield, New Hampshire, and in consequence were not received by the plaintiff till August 13.   The defendant admits that the delay was caused by its negligence, and the only question is one of damages.

We doubt whether under the circumstances trover will lie. *Robinson* v. *Austin,* 2 Gray, 564.   But under whichever count the damages are assessed, the measure must be the same.   The

defendant is liable for such damages as are the natural and proximate results of its conduct, and for such as reasonably might have been expected to be within the contemplation of the parties when the contract of carriage was entered into as the probable result of a breach of it. *Harvey* v. *Connecticut & Passumpsic Rivers Railroad*, 124 Mass. 421. *Derry* v. *Flitner*, 118 Mass. 131, 134. *Cutting* v. *Grand Trunk Railway*, 13 Allen, 381. *Goddard* v. *Barnard*, 16 Gray, 205. *Hadley* v. *Baxendale*, 9 Exch. 341. There was no evidence, we think, which fairly tended to show that the defendant had notice of the circumstances attending the ordering of the boilers, or of the nature of the plaintiff's business and the use to which the boilers were to be put, or of the fact that the plaintiff's mill was stopped or to be stopped for the purpose of making a change in boilers. Such notice could not be inferred fairly, we think, from the character of the property, or from the fact that the old boilers were sent over the defendant's road to the same person who had furnished the new ones soon after those had been shipped. The damages which the plaintiff claims, with a single exception to be noticed hereafter, could not have been therefore within the contemplation of the parties when the goods were received for transportation. Neither do we think that they were the proximate result of the delay on the defendant's part. *Waite* v. *Gilbert*, 10 Cush. 177. *Ingledew* v. *Northern Railroad*, 7 Gray, 86. *Brock* v. *Gale*, 14 Fla. 523. *Johnson* v. *Mathews*, 5 Kans. 118. *Cooper* v. *Young*, 22 Ga. 269. *Gee* v. *Lancashire & Yorkshire Railway*, 6 H. & N. 211.

The plaintiff's mill might have been stopped from any one of numerous causes. If the market value of the property had depreciated in consequence of the delay, or the property had suffered damage through exposure to the weather, such loss would have been the proximate result of the delay, and the defendant would have been liable for it. But assuming that the boilers were of a special kind, and were not bought and sold in the market, we think, as already observed, that except in one respect the damages which the plaintiff claims were not the direct or proximate result of the delay. Amongst the cash items expended by the plaintiff is one for "telegrams, time, and expenses looking for boilers, and team for hauling expected boilers, $15." We think that

'his should have been allowed. *Waite* v. *Gilbert, ubi supra.*
Very likely this was not called especially to the attention of
the court. But, as the ruling was that the plaintiff was entitled
to only nominal damages, the exceptions must be sustained, and
it is so ordered.                                   *Exceptions sustained.*