LEE v. RAILROAD.

(Filed November 22, 1904).

1. CARRIERS—*Damages.*

In this action against a railroad company for delay in the shipment of goods the plaintiff cannot recover freight paid a steamship company for "dead freight room" for which it had contracted, the railroad not having had notice thereof.

2. CARRIERS—*Damages—Measure of.*

Where a carrier had no notice that a delay in the delivery of the goods shipped by plaintiff to his order would result in any unusual or special damage, the measure of damages for the delay was the difference between the market value when the goods should have been delivered and when they were delivered.

3. DAMAGES—*Carriers.*

In an action for failure to deliver freight within a reasonable time the measure of damages is the interest on the amount invested during the delay, there being no evidence of a difference of price in the freight when it was delivered and when it should have been delivered.

ACTION by R. A. Lee & Co. against the St. Louis, Iron Mountain and Southern Railway Company, heard by Judge *M. H. Justice* and a jury, at May Term, 1904, of the Superior Court of MECKLENBURG County.

This action was prosecuted by the plaintiffs for the recovery of damages incurred by the failure of the defendant to deliver a lot of cotton in a reasonable time. The defendant company issued to the plaintiffs its bill of lading at Little Rock, Arkansas, for a hundred bales of cotton to be shipped to New Orleans, La., "shipside", consigned to the order of R. A. Lee & Co. The jury under the instruction of the Court found that the defendant negligently failed to deliver the cotton at New Orleans within a reasonable time. On the

question of damages the plaintiffs proposed to show that by reason of the failure to deliver the cotton "shipside" at New Orleans within a reasonable time, they were unable to get the cotton loaded on a certain ship, and that the steamship company owning the ship required the plaintiffs to pay for dead freight room to the amount of $83.30 between New Orleans and Genoa, Italy, to which place the plaintiffs intended to ship the cotton. The defendant objected, the testimony was excluded and the plaintiffs excepted.

The plaintiffs proposed to show that they were, by reason of the delay in shipping the cotton, compelled to pay to their customer, to whom they had sold the cotton for late shipment, $86.23. This testimony was excluded upon defendant's objection and plaintiffs excepted.

It appeared that the plaintiffs had invested in the cotton $4,387.88; that the delay in shipping, after allowing a reasonable time, from Little Rock to New Orleans was thirty-five days. The Court instructed the jury that the plaintiffs were entitled to recover interest on the amount invested for the time of the delay. From a judgment for this amount, the plaintiffs, having excepted, appealed.

*Thomas W. Alexander,* for the plaintiff.
*Burwell & Cansler,* for the defendant.

CONNOR J., after stating the facts. There was no evidence tending to show that the term "shipside" had any special or peculiar meaning when used in a bill of lading other than that which was usually and generally given to it. It would seem, giving the word its ordinary signification, that it was a direction to the carrier to deliver the cotton at some wharf accessible to its track in New Orleans to which a ship could come. In the absence of anything on the bill of lading to signify what ship was to receive the cotton; the

consignee would have to notify the carrier. The cotton was shipped to the plaintiff's order. We can see nothing in the bill of lading indicating to the defendant that the plaintiffs had contracted with any ship to carry the cotton or had become liable for the freight room, and in the absence of such notice the carrier is not liable for such damages as accrued by reason of a special contract made by the plaintiffs with the shipowners, and they cannot be said to have been within the contemplation of the parties. It is immaterial whether we treat the cause of action as for a breach of contract or for a negligent omission to perform a public duty arising out of a contract. The damages in either case are confined to such as were reasonably within the contemplation of the parties when the contract was made by which the duty to the plaintiffs was assumed.

This Court, in *Lindley v. Railroad,* 88 N. C., 547, held that for failure to deliver freight, when the carrier is not informed of the special circumstances causing the loss of the plaintiffs' contract with other persons, the measure of damage is the difference between the market value of the article at the time it ought to have been delivered and the time it was in fact delivered. Joyce on Damages, sec. 1956, thus states the rule: "Where the delivery of freight is negligently delayed by a carrier, there may be in an action for the breach of the contract recovery of such damages as are the natural and proximate result of its act, and for such as reasonably might have been expected to be within the contemplation of the parties at the time of entering into the contract, as the probable result of a breach. When the carrier has notice of the fact that a delay in the delivery of the goods will result in an unusual loss or some special damage to the shipper, there may be a recovery for the actual damages sustained, when the notice is of such a character that it will be presumed that the carrier contracted with reference thereto." *Swift River Co.*

*v. Railroad,* 169 Mass., 326, 61 Am. St. Rep., 288.    The word "shipside," in the absence of any evidence giving it other than a general meaning, did not give to the defendant notice that the plaintiffs had made a special contract with a steamship company in regard to carrying the cotton to Genoa. There is not the slightest indication in the bill of lading as to what place or in what ship the cotton was to be carried.    The exception cannot be sustained.

What we have said disposes of the second exception.    In the absence of any notice to the carrier that the plaintiffs had made a special contract for the sale of the cotton, and would sustain a special loss for failure to deliver it within a reasonable time, the measure of damages is the difference in the value of the cotton at the time it should have been and the time it was delivered.    There being no evidence of any such difference, the Court below correctly instructed the jury to award the plaintiffs the interest on the amount invested during the time the cotton was negligently delayed.    *Cotton Mills v. Railroad,* 119 N. C., 693, 56 Am. St. Rep., 682. The principle is stated with great clearness in 5 Am. & Eng. Ency., 384, and sustained by a large array of cases cited from English and American Courts.    Negligence of Imposed Duties (Ray), 343.    The ruling of his Honor was correct, and the judgment must be

Affirmed.

DOUGLAS, J., dissenting.