LONG *v.* CHAS. T. ABELES & COMPANY.

Opinion delivered November 18, 1905.

1. CONTRACT—SPECIAL DAMAGES.—A material man who agreed to furnish material for the completion of a building within a certain time will not be liable for special damages growing out of delay in furnishing them unless he had notice thereof and contracted with reference thereto. *Hooks Smelting Co.* v. *Planters' Compress Co.,* 72 Ark. 275. (Page 151.)

2. DAMAGES—FAILURE TO FURNISH MATERIAL TO COMPLETE BUILDING.—The measure of damages for failure of a material man to furnish material for completion of a building within a reasonable time is the rental value of the building during the time the owner was deprived of it by reason of such failure. (Page 151.)

3. CONTRACT—TIME OF PERFORMANCE.—If no time for its performance is specified in a contract, the law contemplates that it shall be performed within a reasonable time. (Page 151.)

Appeal from St. Francis Chancery Court; EDWARD D. ROBERTSON, Chancellor; affirmed.

STATEMENT BY THE COURT.

This suit was by appellee against Long on account, consisting of three items, for materials furnished in the construction of a certain building in Forrest City, Ark. The account amounted in the aggregate to $828.15.

The complaint alleged that the materials were furnished on contract with appellant, that they were used in the construction of a certain building at Forrest City, that the account had not been paid, etc. Proper allegations were made for having a lien declared on the building, and judgment was asked for the amount, and for a lien, etc.

Long answered, admitting that the materials were furnished, but denied that appellee had complied with its contract in furnishing the materials, and denied any indebtedness to appellee, and denied that appellee was entitled to a lien on the building, and, by way of cross-complaint, set up that the materials which he had contracted with appellee to furnish were to be furnished within two weeks from the date of the contract. He alleged that appellee knew all the time during the delay of the condition of the building, and that appellant was compelled to hold his laborers at great expense. He claimed damages by reason of the alleged failure to comply with the contract as follows:

"To brick wall and interior of building......$1,000.00 ·
By amount paid for labor.................. 1,000.00
By loss of rent from property.............. 400.00

"Making a total of..................$2,400.00"

Judgment was asked for this amount. Appellee answered the cross-complaint, denying all its material allegations, and denying that it had failed to perform its contract; and alleged that if appellant was damaged it was through his own neglect, etc.

*P. D. McCulloch* and *S. H. Mann,* for appellant.

1. The materials were not delivered within the time agreed upon. (2) If the time for delivery was not proved, they were not delivered within a reasonable time. (3) Appellee had sufficient notice upon which to base a claim for special damages. 13 Cyc. 34; 88 S. W. 870, and cases cited.

*N. W. Norton,* for appellees.

There can be no recovery of special damages unless the seller knew the circumstances from which the damages would flow, and was aware that the buyer would look to him to make them good. 79 S. W. 1052. A plaintiff suing for breach of contract must prove his damages with reasonable certainty. His recovery cannot depend on surmise or conjecture. 55 Pac. 618.

WOOD, J., (after stating the facts.) As the questions are mainly of fact, we will not set out and discuss the evidence in detail.

The proof shows that appellee delayed an unreasonable time after the execution of the contract to furnish the materials for the completion of appellant's building. But, according to the rule announced in *Hooks Smelting Co.* v. *Planters' Compress Co.,* 72 Ark. 275, and the facts of this record, appellee is not liable for special damages for injury to appellant's building during the delay, nor for the amount paid for labor. The measure of appellant's damage, under the proof, is the rental value of the building during the time appellant was deprived of the use of it by reason of the delay in its completion caused by the failure of appellee to furnish the materials within a reasonable time for the execution of the contract. *Hooks Smelting Co.* v. *Planters' Compress Co., supra.* If no time was specified, a reasonable

time was contemplated, in the course of appellee's business, for it to perform its contract. *Liston* v. *Chapman & Dewey Land Co., ante* p. 116.

The preponderance of the evidence shows that it delayed at least a month and a half beyond a reasonable time. The evidence showed that the rental value of the completed building during this time would have been $125 per month. Appellant therefore was entitled to have appellee's claim against him reduced to the extent of $187.50. The decree of the court will be modified in this respect, and as thus modified affirmed. The appellee will pay the cost of this appeal.

McCULLOCH, J., disqualified.