CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* NEWHOUSE MILL & LUMBER COMPANY.

Opinion delivered May 17, 1909.

CARRIERS—DAMAGES FOR DELAY IN TRANSPORTATION.—The measure of damages for negligent delay in the transportation of freight by a carrier is the difference between the value of the freight at the time it was delivered and its value at the time it should have been delivered, unless the carrier had notice that special damages or more than ordinary damages would result from a failure to deliver in time.

Appeal from Pulaski Circuit Court, Second Division; *Edward W. Winfield*, Judge; reversed.

*Thos. S. Busbee*, for appellant.

Special damages cannot be recovered for delay in a shipment of freight, unless notice of the circumstances from which they may result is given to the carrier at the time of shipment. 48 Ark. 508; 54 Ark. 24; 72 Ark. 287; 74 Ark. 358; 75 Ark. 469; 77 Ark. 150; 113 S. W. 352. To tell the jury that the measure of damages was the usable value of the goods while they were delayed by the railroad company is error where such usable value is referred to neither in the complaint nor in the testimony. 114 S. W. 228.

*C. P. Harnwell*, for appellee.

The rule that a carrier must have notice of the circumstances from which special damages may result before they can be recovered does not apply where the delay in the shipment is unreasonable.

BATTLE, J. The complaint is as follows: "Comes the Newhouse Mill and Lumber Company, by its attorneys, Harnwell & Rose, and for cause of action states: That the plaintiff herein is a corporation organized and doing business under and by virtue of the laws of the State of Arkansas. That the defendant is a corporation authorized to do business in Arkansas. That on the 2d of September, 1907, the plaintiff herein had shipped to Pinnacle, Arkansas, a car to be loaded with log wagons. That said car was duly loaded. That the defendant railway company then and there agreed to immediately haul said car of wagons away from Pinnacle and deliver same to the plaintiff at Gould, Arkansas. That, after allowing a reasonable length of time for said defendant company to deliver the said car of wagons at Gould, Arkansas, more than ten days has elapsed, and still said defendant company is wilfully and negligently refusing to deliver said car as agreed. That by virtue of said failure on the part of said defendant company to deliver said car of wagons, the plaintiff herein is damaged as follows:

To feed for ten days for thirty head of stock..........$150.00
To rental on oxen and wagons ..................... 250.00
To expenses ................................... 50.00
To ten days' demurrage under act known as ——.... 50.00

"Wherefore plaintiff prays that he be given a judgment in the accrued damage of $500, for his costs herein expended, and for all other proper and legal relief."

The answer specifically denied each allegation of the complaint.

The evidence showed that the log wagons were loaded on the defendant's train on the third day of September, 1907, at Pinnacle, Arkansas, and delivered at Gould, in this State, on the 27th day of September, 1907. There was no evidence that plaintiff received any damage from the failure to deliver promptly, except special damages. And the complaint and evidence fail to show that plaintiff at any time before delivery had notice that such damage would accrue from such failure.

The court instructed the jury over the objection of the defendant as follows:

"The measure of damages in this case is the usable value of these goods while they were delayed by the railroad company."

The jury returned the following verdict: "We, the jury, find for plaintiff verdict in the sum of four hundred dollars, amount of loss on contract for delay in delivery of shipment, after allowing for reasonable time for shipment, moving from the Pinnacle, on the Rock Island, to Gould, on the Iron Mountain Railroad, a distance of ninety-two miles."

Judgment was rendered accordingly. Defendant appealed.

The instruction and verdict were contrary to the law. The measure of damages in this case was the difference in value of the wagons, if they had depreciated during the delay, at the time when they should have been delivered and at the time they were delivered, after deducting the unpaid cost of transportation, unless appellant had notice that special damages or more than ordinary damages would result from the failure to deliver in time. No notice was given or received in this case, and special damages were not recoverable. *St. Louis, I. M. & S. Ry. Co.* v. *Mudford,* 48 Ark. 508; *Murrell* v. *Express Co.* 54 Ark. 24; *Hooks Smelting Co.* v. *Planters' Express Co.,* 72 Ark. 287; *Crutcher* v. *Choctaw, O. & G. Rd. Co.* 74 Ark. 358; *Pine Bluff Iron Works* v. *Boling,* 75 Ark. 469; and *Long* v. *Chas. T. Abeles & Co.,* 77 Ark. 150.

Reversed and remanded for a new trial.