## CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* THOMAS.

### Opinion delivered May 10, 1915.

CARRIERS—FREIGHT—SPECIAL DAMAGE—NOTICE.—Notice or information of circumstances whereby special damages might arise from a delay in the delivery of freight, given after the contract was made and during the period of transportation, is not sufficient to charge the carrier with liability for such special damages.

Appeal from Prairie Circuit Court; *Eugene Lankford,* Judge; reversed.

*Thos. S. Buzbee* and *Geo. B. Pugh,* for appellant.

1. The case of *Crutcher* v. *C., O. & G. Rd. Co.,* 74 Ark. 358, settles this case. No notice was given at the time of shipment. 104 Ark. 215; 74 *Id.* 358.

*Manning, Emerson & Morris,* for appellee.

1. There is now no reason for the rule that notice of special damages must be given before shipment. Van Zile on Bailm. & Car. (2 ed.), § 494; C. Cyc. 450; 24 S. W. 353; 51 So. 863; 60 S. E. 477; 64 *Id.* 413; 30 L. R. A. (N. S.) 483-8; 71 S. E. 71; 4 Rul. Case Law, § 215, p. 747; 91 S. W. 1121-22; 142 *Id.* 629.

McCULLOCH, C. J.   This is an action instituted by appellee against appellant railway company to recover damages alleged to have been sustained by reason of delay in the transportation of a carload of coal. The car of coal was shipped from a point on the Illinois Central Railway Company in the State of Kentucky to a dealer in Memphis, Tennessee, and when the car reached Memphis, it was sold to appellee and reconsigned to him over appellant's road to Thomas Switch, a station in Prairie County, Arkansas. There was a delay in transporting the car by reason of the fact that when it reached Brinkley there was no way bill, and the car was laid out there and remained there six or eight days before it was again moved under orders from the superintendent's office. That was after appellee had given notice of the delay, and at his request the car was finally located and forwarded.

Special damages are proved, arising from the fact that appellee is a rice grower and ordered the coal to use in running the engine which pumped water for the growing rice, and by reason of delay, the appellee's rice crop was ruined. There is no testimony tending to establish any other element of damages on account of the delay. There is no proof that notice of special damages was given at the time of the contract of reshipment from Memphis, or any time prior thereto, but there is proof that notice was given during the period of delay, and while the car was laid out at Brinkley. The testimony shows that appellee requested the Memphis dealer to hurry up the shipment, and that that request was communicated to appellant's Memphis agent, but it is not shown that any information was given concerning any element of special damages involved in any possible delay.

We decided in the case of *Crutcher* v. *C., O. & G. Rd. Co.,* 74 Ark. 358, following a line of authorities on the proposition, that notice or information of circumstances whereby special damages might arise, given after the contract was made and during the period of transportation, was not sufficient to charge the carrier with liability for such special damages. The authorities are not harmonious on this question, and some of the recent cases have relaxed the rule to some extent. As this court has, however, deliberately taken position on the question, we see no reason to change. In the latter case of *Chicago, R. I. & P. Ry. Co.* v. *King,* 104 Ark. 215, we decided that there may be a recovery for special damages arising on account of negligent delay in making a delivery after the transported article has reached its destination, if notice was given after the arrival of the article at its destination. It is insisted by counsel for appellee that the doctrine of that case relaxed the rule in the *Crutcher* case to the extent that it would permit a recovery in the present case. We do not, however, regard that as any relaxation of the rule laid down in the *Crutcher* case. It was a mere recognition of the well-established distinction to the doctrine stated in the *Crutcher* case.

In the opinion in the *King* case, we said: "The reason for the rule in the case of a common carrier rests upon the ground that it may have an opportunity by special precaution to protect itself from loss. The necessity for and justice of this rule is apparent when the delay occurs during the period of transportation. But, after the goods have arrived without delay at the place of destination, and are in the custody and control of the carrier at that place for delivery to the shipper or consignee, then the reason of the above rule would cease, if notice of the special circumstances is given to the carrier after the arrival of the goods at the place of destination, and thereafter it wrongfully delays making the delivery. The contract made by the carrier for the transportation and delivery of goods is two-fold: The obligation rests upon the carrier to transport the goods safely and promptly to the point of destination, and also thereafter to deliver the same to the consignee. If it fails to carry the goods safely or promptly, there is a breach of the contract; but there is also a breach of the contract from which damages may arise if it fails for an unreasonable time to deliver the goods after the actual transportation to the point of destination is completed. The special damages are not a part of the contract, but are simply an element of damages to which the injured party is entitled for its breach. After the arrival of the goods at the point of destination, and after notice is then given to the carrier of the peculiar conditions from which special damages may arise while the goods are in its possession and under its control, the carrier could then take all precautions necessary to avoid loss on account of delay in making the delivery thereafter. The obligation to make delivery after the arrival of the goods at the point of destination would then begin, and notice of the peculiar conditions then given to the carrier would charge it with the special damages arising on account of the delay to make the delivery after such notice had been given. In such case the delay does not arise during the actual transportation of the goods, but it arises in the delivery of the goods after the transportation has

been completed, and while the goods are still in the custody and under the control of the carrier.''

Now, the above quotation amounts to a clear reaffirmation of the doctrine of the *Crutcher* case, but, as before stated, distinguishes it in a case where the facts are that the transportation is complete, and there is negligence in making a delivery. In the present case, the transportation was not complete, and the car was laid out at an intermediate point. Unless the decision in the *Crutcher* case is to be overruled, it necessarily follows that there can be no recovery in this case.

The judgment is therefore reversed and the cause remanded for a new trial.