E. COPPERSMITH v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 13 September, 1922.)

1. **Carriers of Freight—Railroads—Damages.**

   Where a railroad company has received for shipment a lot of "log chains," and has negligently failed to deliver a part of them, and the consignee is under contract with third parties to do certain work for the consignor with them, and had promised the latter to return them, or their value if lost, after the work had been done: *Held,* the carrier is responsible in damages to the consignee for the loss of the chains.

2. **Same — Negligence—Consequential Damages—Notice—Instructions— Special Circumstances.**

   Where the railroad company is liable in damages for such consignee's loss caused by its negligence, and the consignee also sues for consequential damages arising from an additional expense or a particular loss caused by being able to use only a part of the shipment of "log chains," in performing his contract with the third parties, it is reversible error for the trial judge to submit only one issue as to damages, and charge the jury, in effect, that the carrier would be liable for the consequential damages, if sustained by the plaintiff and caused by the carrier's negligence without more.

3. **Carriers of Goods—Railroads—Negligence—Contracts—Special Damages—Burden of Proof.**

   Where the consignee sues the railroad company for the value of certain "log chains" lost by the negligence of the defendant, and as consequential or additional damages, for the extra cost of performing a contract he had made with others, as resulting from this loss, it is required that the plaintiff show that the defendant had express notice of the particular use for which the chains were required; or notice implied from the nature of the shipment or the circumstances indicating their use, which does not appear under the facts of this case.

APPEAL by defendant from *Lyon, J.,* at May Special Term, 1922, of PASQUOTANK.

This action was brought to recover the value of thirteen "log chains" shipped by J. A. Reynolds & Brothers from Norfolk, Va., over the defendant's line of railway, to plaintiff at Elizabeth City, N. C. Nine-

teen of the log chains were delivered to plaintiff at Elizabeth City, but the defendant failed to deliver the other thirteen chains, and for them the suit was brought.

Plaintiff alleged, and there was evidence to show, that in consequence of the failure to deliver the thirteen chains, he had to pay 25 cents more for each piling on the contract he had with others for hauling and rafting the pilings, there being 400 and odd of such pilings. Plaintiff was conducting a logging operation in Pasquotank County, shipping the logs, when rafted, to Reynolds Bros., Norfolk, Virginia, the purchasers thereof, who furnished the gear for rafting the logs. This gear was shipped only when needed, and when so shipped was charged to plaintiff, who, in turn, was given credit for such gear as was returned—this being the custom in such operations. In August, 1920, Reynolds Bros. shipped to plaintiff a certain lot of gear, including 32 log chains of the value of $15 each. The plaintiff, upon inquiry, having been informed that the gear was at defendant's station in Elizabeth City, went to said station in a truck for the purpose of receiving said gear. At this time there was delivered to plaintiff 19 of the log chains aforesaid, together with certain other gear, composing the shipment—leaving 13 log chains, presumably, at the station, which plaintiff was unable to take away at that time. The gear was delivered to plaintiff by a colored man, and plaintiff was required to sign a receipt calling for 32 log chains. On the next day a son of one of the plaintiffs was sent back for the other 13 chains, and was told at the station by the colored man to go out to the pile of gear and get 13 chains; that the sun was so hot that he was not going to bother with it; and the boy need not look particularly for the chains, if any, marked to plaintiffs, but he could take the first 13 log chains he found—"that chains were chains." The boy thereupon selected 13 log chains and carried them home, where it was discovered that they were marked, not to plaintiffs, but to one D. P. White, to whom they belonged, and who, on the same day, called at plaintiff's place of business for the chains and took the same away. One of the plaintiffs then returned to defendant's station and reported the occurrence to Mr. Johnson, defendant's agent, who told the plaintiff that they would make the loss good. The loss was never made good, and plaintiffs were compelled to pay to Reynolds Bros. $195, representing the value of the 13 log chains not returned. In the meantime, by reason of the nondelivery of the chains, the plaintiffs were put to an additional expense, representing an additional cost of 25 cents each in rafting the logs.

The court charged the jury that if defendant negligently failed to deliver the chains, and plaintiff was compelled to pay Reynolds Bros. for them, he would be entitled to recover the fair and reasonable value

of the chains, and if the plaintiff was compelled to pay an additional amount, in addition to that fixed by plaintiff's contract with the person who was hauling the rafting for him, he would be entitled to recover that amount; but, if the jury did not so find, he could not recover the additional amount.

It appeared in the evidence that the chains were sent by Reynolds Bros. to plaintiff for rafting the piles, or logs, which were to be sent to Reynolds Bros. at Norfolk, and when this was done, the chains were to be returned to Reynolds Bros., the plaintiff to be charged by them with the value of those not sent back to Reynolds Bros.

The jury returned the following verdict:

"Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: 'Yes, $297.75.'"

Judgment was entered upon the verdict, and defendant appealed.

*J. B. Leigh and Meekins & McMullan for plaintiff.*
*Thompson & Wilson for defendant.*

WALKER, J. We do not see any objection to the charge of the court as to the right of the plaintiff to recover the value of the chains not delivered by the defendant, though there does appear to be exceptions to rulings upon some questions of evidence, which it is not necessary to state more definitely and consider, as they may not occur at the next trial, and it is not necessary to do so, for there is a serious error as to the measure of damages, for which a new trial will be granted, which will cover the entire case as submitted to the jury, there being but one issue, and one answer, and one indivisible amount awarded for all damages, thereby covering both questions in the case.

There was substantial error in the instruction as to the consequential damages, that is, those arising by reason of the additional amount paid by the plaintiff on his contract for piling and rafting. There was nothing in the case to show that the defendant had been notified that plaintiff had a contract for piling and rafting with another, which would require the immediate, or even early, use of the chains. They were sent to him by Reynolds & Bros. for a particular purpose, which was not disclosed to the defendant at the time of the shipment, nor do we think there was anything in the circumstances, or the nature of the goods, to put them on notice of the plaintiff's contract with another for piling and rafting. But if there had been evidence that defendant knew, or should have known, that its negligent failure to ship and deliver the chains in due time to the plaintiff would cause the damage now claimed, the court should have submitted the question to the jury, so that they could find the facts, and not decide the question of liability for them

upon the mere evidence that the plaintiff was compelled to pay the additional amount. It was not solely a question of law, but one of fact and law. And, besides, there was nothing in the nature of the shipment, the character or name of the consignee, the manner of shipment or the destination, from which the law would impute notice to the defendant that the plaintiff was at that time engaged in logging operations, which required the immediate use of the material, or that any special damages would be suffered. It was as reasonable to infer that the chains had already been used and were being returned to the plaintiff as that they were to be used for the benefit of Reynolds Bros. in rafting logs.

The case falls within the principle stated by us in *Development Co. v. R. R.*, 147 N. C., 503, where it is said, at pp. 507 and 508: "Damages of the kind claimed in this action, *i. e.*, consequential damages, are only recoverable when they are the natural and probable consequence of the carrier's default. Hale on Damages, 256. And ordinarily such damages are only considered natural and probable when they may be reasonably supposed to have been in contemplation of the parties at the time the contract was made. Wood's Mayne on Damages, 18." And again, if the plaintiff seeks to recover more than is allowable under the general rule as to shipments of goods and failure of the carrier to deliver, that is, "other and additional damages by reason of special circumstances, a knowledge of these circumstances must be brought home to the other party."

It was held in *Tillinghast v. Cotton Mills*, 143 N. C., 274, that "If the plaintiff seeks to recover different and additional damages arising by reason of special circumstances, he is required to show that defendant had knowledge of these circumstances and of a kind from which it could be fairly and reasonably inferred that the parties contemplated that they should be considered as affecting the question of damages." *Matthews v. Express Co.*, 138 Mass., 55; *Railway v. Ragsdale*, 46 Miss., 458; *Horne v. Railroad*, L. R. C., pp. 71, 72, and 583. See, also, *Mfg. Co. v. R. R.*, 149 N. C., 261; *Lee v. R. R.*, 136 N. C., 533; *C. R. I. & P. Railroad Co. v. Newhouse Mill & L. Co.*, 119 S. W., 646; *Ill. Cent. Railroad Co. v. Canning Co.*, 116 S. W., 755; *Williams v. A. C. L. Rwy. Co.*, 56 Fla., 735, which cases seem to be very much in point.

There was no evidence in this case that if the chains were not delivered the plaintiff would be put to extra expense in performing his contract with some other party, nor was the character of that contract disclosed beforehand to defendant. The case is not governed by the authorities cited by the plaintiff. It does not present the same kind of facts. It may be that the plaintiff may hereafter supply the testimony which is now lacking.

While we send the case back for another trial, it may be proper to state that there now appears to be some evidence, if accepted as true, by which the plaintiff may show such an interest in the chains as will enable him to maintain this action and recover some damages for the negligence of the carrier if finally established.

New trial.