MISSOURI PACIFIC RAILROAD COMPANY *v.* S. L. ROBINSON
& COMPANY.

4-3256

Opinion delivered December 18, 1933.

*Thos. B. Pryor* and *W. L. Curtis,* for appellant.

*Partain & Agee* and *Ralph W. Robinson,* for appellee.

MEHAFFY, J. The appellee brought suit in the Crawford Circuit Court for $260.94 for delay in transporting and delivering a car of strawberry crates fom Paducah, Kentucky, to Van Buren, Arkansas. It was alleged that the car of strawberry crates, including 4,000 extra quarts, was ordered on April 29, 1932, and that the Paducah Box & Basket Company loaded said crates and received from the Chicago, Burlington & Quincy Railroad Company at Paducah, Kentucky, on the 30th day of April, 1932, a bill of lading; that said car of crates was thereafter shipped and handled over the lines of the Chicago, Burlington & Quincy Railroad Company and the Missouri Pacific Rail-

road Company; that, at the time the car was ordered, appellees were engaged in handling and the sale of strawberry crates, and the strawberry season, which was short, was on in Van Buren and vicinity; that said crates were ordered for immediate use and resale, and were needed and required by appellee for that purpose; that, if said car had been handled and transported without delay, it would have, in the ordinary course of transportation, arrived and been delivered to appellee in the city of Van Buren, Arkansas, on May 3d, but that it did not arrive in said city of Van Buren until 5 P. M. on May 5th; that, by reason of the delay in transporting and delivering said car by appellant and its connecting carrier, appellee was deprived of having said strawberry crates on hand for retail sale to its customers, who were demanding same, and, by reason of the delay, appellee lost the sale during said season of the amount of one carload of crates, which, if they had had, as they would, had they been delivered to them promptly in the ordinary course of transportation, they would have sold to their trade at a net profit of $260.94; that appellee had customers for the purchase and taking up of said crates, at the profit above mentioned, and, by reason of the failure to deliver the car, appellee was compelled to buy its crates from other dealers, and, as a direct result of the failure to deliver said crates within the time, it lost said profit, and the sale of that amount of crates; that, within the time provided in the bill of lading, appellee filed claim with the appellant for damages in the amount above named, which claim was by the appellant denied.

The appellant filed answer, in which it denied all the material allegations in the complaint.

The evidence shows that appellee ordered the car, which it is alleged was delayed for two days, from the Chicago, Burlington & Quincy Railroad Company, at Paducah, Kentucky. Appellee had ordered from the Paducah Box & Basket Company four or five cars of strawberry crates, to be shipped, as ordered by appellee, from time to time during the strawberry season. When it ordered the first car of crates, it came from Paducah to Van Buren in three days. Knowing the time that was

required to transport the crates from Paducah to Van Buren, appellee, when it began to run low on crates, ordered another car to arrive in time to sell—by the time all of the crates in the first car were gone; that is, they ordered it four days before they would be out of crates. The same day it ordered this car shipped, it notified the agent of the appellant at Van Buren of the order, and had him start tracing the car, so that it would not be delayed. Appellee sold the last of the first car of crates, the night before the day that the car should have arrived. If the crates had come in three days, as the first car did, appellee would have had crates to supply their trade for the next two days, but the car was delayed for two days, and appellees were out of crates. Instead of getting there in three days, it took the car in question five days to come from Paducah to Van Buren.

Appellee had ordered another car to be shipped to it, intending for it to arrive at the time it sold the crates in the car that was delayed, but, this car being delayed, the appellee canceled the order for the next car. If the car had arrived on time, appellee would have sold the crates at a net profit of $260.94. When the car did arrive, appellee sold the crates at a net profit of $260.94. There is therefore no damage claimed because of a loss on this particular car, but the damage is claimed because the negligent delay in shipping this car left the appellee without crates to sell for two days, thereby losing the profit it claims they would have made. It bought crates elsewhere, nearer home, but the record does not show where, and does not show at what time they bought them. This, however, is immaterial, since the only claim for damages is for loss of profits that appellee would have made during the two days they were out of crates.

Usually, the measure of damages for delay in shipment is the difference in the price of the freight when it should have arrived and the price at the time it actually did arrive. But the claim here is not that it sold the car when it finally came for a lower price and were thereby damaged, because the evidence of appellee itself shows that they received the same price they would have received, if the car had not been delayed.

Appellees do not claim that they had already made a contract for the sale of the crates, but they claim that, if they had received them, they would have sold them at the profit named. Appellee contends that there is no element of special damages, but the damages complained of are as real and actual, and the result of the contract, as any damages could be.

A statement of the law in 10 C. J. 72 is as follows: "In accordance with well-settled principles, only such damages as are in the contemplation of the parties when they make their contract, and which result as a breach of it, are properly recoverable. Hence the fact that the shipper, at the time he made the contract with the carrier, informed its agent that he wished to make contracts with third persons for the sale of the goods to them, and the further fact that he did make such contract afterward, do not entitle a recovery from the carrier of profits which would have been made but for the breach of the contract of carriage."

In this case, there is no evidence tending to show either that appellee had already made contracts to sell the crates, or that it gave any notice to the carrier, at the time of the shipment, of the fact that the crates were desired for immediate sale, or that there would be any special damages because of delay. There is no claim that any notice of special damages was given. Such notice must be given in order to recover special damages, or the evidence must show that the carrier had knowledge of the special circumstances, and this notice or knowledge must be at, or before, the shipment is made.

The measure of damages for negligent delay in the transportation of freight by a carrier is the difference between the value of the freight at the time it was delivered and its value at the time it should have been delivered, unless the carrier had notice that special damages would result from a failure to deliver in time. *Chicago, R. I. & P. Ry. Co.* v. *Newhouse Mill & Lbr. Co.*, 90 Ark. 452, 119 S. W. 646.

Of course, if the carrier had knowledge that the crates were ordered for immediate resale, knew the purpose for which they were bought and shipped, knew that

the sale was for a special purpose; in other words, if the carrier knew the facts about the necessity to have the crates for immediate resale, and knew that the strawberry season was a very short one, it would have been bound by this knowledge, but these facts would have to be shown by the evidence.

This court said: "Appellant had notice of the day of sale, and of all the circumstances in detail, as to why the sale was planned and fixed for that day. Appellant, according to the evidence of appellee, had notice of all of this, and made its contract with full knowledge that it was necessary to get the cattle from Brady for the sale on that day, if appellee was to secure the benefit of that sale. Appellant had no right to assume that the sale would continue from day to day, or would be as profitable to appellee if made on some other day. * * * Having notice of the special damage that would result to appellee if he failed to get his cattle to that auction sale, and having contracted with appellee after such notice to deliver them for that sale, appellee cannot be heard to say that the damages that appellee sustained by reason of the loss of that particular sale were not in contemplation of the parties to the contract" *Chicago, R. I. & P. Ry. Co.* v. *Miles,* 92 Ark. 573, 123 S. W. 775, 124 S. W. 1043; *Chicago, R. I. & P. Ry. Co.* v. *Thomas,* 118 Ark. 406, 176 S. W. 681.

This court recently said: "It has long been the rule in this State that special damages are not recoverable for breach of contract, in the absence of notice to the party in default that more than ordinary damages will be sustained in the event of failure to perform, nor unless such knowledge 'be brought home to the party sought to be charged under such circumstances that he must know that the party he contracts with reasonably believes that he accepts the contract with the special condition attached to it'." *S. W. Bell Tel. Co.* v. *Carter,* 181 Ark. 209, 25 S. W. (2d) 448. See also *Chicago, R. I. & P. Ry. Co.* v. *Thomas,* 118 Ark. 406, 176 S. W. 681; *Chicago, R. I. & P. Ry. Co.* v. *Newhouse Mill & Lbr. Co., supra.* If the appellant knew all the facts, it would, of course, not be necessary to inform it as to facts it already knew.

"Generally a person can be said to have notice of a fact only when it is actually communicated to him in such a way that his mind could, and did, take cognizance of it. And, of course, when a person knows of a thing, he has notice thereof, as no one needs notice of what he already knows. While extra judicial proceedings, or proceedings without jurisdiction, do not operate as constructive notice, yet express notice obtained from such proceedings operates the same as notice obtained in any other manner." *St. Louis-San Francisco R. Co. v. State,* 179 Ark. 1128, 20 S. W. (2d) 878.

There is no evidence that the appellant had knowledge of all the facts necessary to make it liable in special damages. Even if it knew that the strawberry season was short, there is no evidence that it knew that appellee wanted the crates for resale, or that it had made contracts for resale, or that it had customers who would buy the crates.

Appellee requested, and the court gave to the jury, the following instruction: "You are instructed that the railroad company is held to know facts familiar to ordinary people, and that, when a shipment of merchandise is placed in its hand and care, which merchandise has only a seasonable use, it is held by the law to reasonable care in knowing the time in which same is to be and can be used."

Under the facts in this case, this instruction should not have been given. There is no evidence that either ordinary people, or the appellant, knew that the crates were ordered for resale, or that appellee had customers who would repurchase them.

If the appellant had knowledge of the facts necessary to make it liable for special damages, it may be shown in evidence. If it did not have this knowledge, and no notice was given, then special damages cannot be recovered.

It follows from what we have said that the judgment must be reversed, and the cause remanded for a new trial.

McHaney, J., Mr. Justice Smith, Mr. Justice Butler and I concur in the judgment of reversal, but think the cause should be dismissed. No notice of special damages

was given, as held by the majority, and no showing was made that the crates could not have been obtained elsewhere. Also, the damages claimed are purely speculative.