*Municipal Court of the*
*City of Boston*

No. 209937

**NEW ENGLAND PORTRAIT SERVICE, INC.**

v.

**HOLMES TRANSPORTATION, INC.**

Argued: May 30, 1969  Decided: June 12, 1969

*Present:* Adlow, C.J. Morrissey, Canavan, JJ.
Case tried to *Glynn, J.,* in the Municipal Court
of the City of Boston No. 209937.

*Adlow, C.J.* Action to recover for delay in
delivery of shipment. There was evidence that
on September 7, 1966 the Holmes Transporta-
tion, Inc. was requested to pick up five booths
in Framingham for delivery to the Lake Tarle-
ton Hotel in New Hampshire. The goods were
picked up by the carrier on September 7th and
a shipping order was delivered to the carrier
by the shipper which stated "Must be delivered
no later than 8/9/66". The shipping order was
in evidence. There was evidence from the ship-
per's office manager that the notation on the
shipping order as to delivery time was a mis-
take and should have been "9/9/66" and not
"8/9/66". There was further evidence that five
or six employees of the consignee and their
families were sent to Lake Tarleton Hotel on
Friday, September 9th to attend the convention.
The shipment did not arrive until Tuesday,
September 13th, when the consignee refused to
accept delivery. A later attempt to deliver the
shipment to the consignee in Boston was re-
fused.

There was evidence that employees of the consignee called the shipper on September 9th to ascertain where the shipment was and why it had not been delivered. They were informed that the shipper was trying to locate the shipment. Subsequent calls made during the period of the convention (September 9 through September 11) met with the same response. There was evidence that the goods in shipment consisted of exhibition booths manufactured to exact specification based upon the requirements of the convention at Lake Tarleton Hotel, and were of no use otherwise. The consignee had paid $1,000 to the shipper for manufacturing the five exhibition booths. In addition, the consignee had paid approximately $800 for the hotel bills of its employees and their families and for the rental of exhibition space at the hotel.

At the close of the evidence the defendant requested the court to rule that "the plaintiff has not met the burden of proof in establishing an unreasonable delay in delivery." The court refused to so rule and expressly found that there was an unreasonable delay. This conclusion was warranted by the facts. While it is true that the report lacks specifications with respect to the distance involved, it is evident from the report that the carrier had lost track of the shipment and that something had gone wrong in the execution of the agreement of carriage. It may be noted that this issue was not raised in *Swift River Company* v. *Fitchburg Railroad Company*, 169 Mass. 326, where a de-

lay of similar extent was admitted to be due to the carrier's negligence. Whether or not there was negligence in the performance of the defendant's undertaking was a question of fact for the court to determine, and we are aware of no rule which would require any other conclusion.

We are, however, concerned with the manner in which the court reached its decision with respect to damages. As requested by the defendant the court properly ruled that

> 8. The defendant carrier is liable only for those damages which are the natural and proximate result of its conduct and for such as reasonably might have been expected to be within the contemplation of the parties when the contract was entered into, and

> 9. In the absence of special notice from the plaintiff, the defendant carrier is liable only for the depreciation in value of the goods between the time they should have been delivered and the time they were delivered. *Swift River Co.* v. *Fitchburg Railroad,* 169 Mass. 326. *Weston* v. *Boston & Maine R.R.,* 190 Mass. 298. *Hadley* v. *Baxendale,* 9 Exch. (Eng.) 341.

Having ruled correctly with respect to the law it would appear that a proper application of the law to the reported facts would have resulted in a different computation of damages than appeared in court's finding. Aside from delivering five booths to the carrier with a shipping order specifying the delivery time there is

no evidence that the carrier received any notice that the booths were suitable only for use at the Lake Tarleton Hotel on the three days of the convention. Nor was there any notice that unless they arrived on time they would be of no further use or value to the plaintiff. Had the defendant been advised of these facts it could have taken steps to avoid the very consequences suffered by the parties. Equally unusual was the hotel bill incurred in the housing of the plaintiff's employees and their families. As an element of damage this particular item certainly was beyond the range of contemplation of the parties when the goods were delivered to the carrier and, in our opinion, should not have been considered in the computation of damages.

Just what the damages should be is not easy to estimate in the light of the little evidence contained in this report. It does not appear whether the booths had any value after the event. Nor is there any evidence as to the expedients that might have been employed by the plaintiff, in the absence of the booths, with a view to mitigating the damages. In justice to the parties this cause should be remanded to the court for a new trial on the issue of damages alone.

*Finding for plaintiff in amount of $1800 vacated. New trial ordered on issue of damages alone.*

DONALD J. MacRAE
    for the plaintiff
M. FREDERICK PRITZKER
    for the defendant.