[Crim. No. 336.    Fifth Dist.    May 12, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. NOLAN RAY RENFRO, Defendant and Appellant.

Robert Carl Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and Richard L. Hamilton, Deputy Attorneys General, for Plaintiff and Respondent.

GARGANO, J.—After trial without a jury appellant, Nolan Ray Renfro, was found guilty of the crime of grand theft in violation of section 484 of the Penal Code. He appeals from the judgment of conviction which was entered thereon.

Defendant does not deny the theft for which he stands convicted. In fact, he freely and voluntarily admitted that he was involved in the theft of some telephone wire in El Dorado County in the area of Shingle Springs. Moreover, the evidence produced against him convincingly establishes that on March 1, 1966, appellant stole two types of telephone cable from the storage yard of the Pacific Telephone & Telegraph Company in Shingle Springs. He contends, however, that the evidence as to the value of this cable was inadmissible and that the prosecution did not prove value in excess of $200 beyond a reasonable doubt. Thus, he concludes that under Penal Code section 1097 he could only be convicted of petty theft. This section reads as follows:

"When it appears that the defendant has committed a public offense, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of such degrees only."

We will consider appellant's contention, while bearing in mind that the test on appeal is not whether guilt is established beyond a reasonable doubt, as appellant seems to assume, but whether there is substantial evidence to support the trier of the fact (*People* v. *Daugherty,* 40 Cal.2d 876 [256 P.2d 911] (cert. den., 346 U.S. 827 [98 L.Ed. 352, 74 S.Ct. 47]) ; *People* v. *Robillard,* 55 Cal.2d 88 [10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086] (cert. den., 365 U.S. 886 [6 L.Ed. 199, 81 S.Ct. 1043])). As the court stated in *People* v. *Hillery,* 62 Cal.2d 692, 702 [44 Cal.Rptr. 30, 401 P.2d 382] :

"Moreover 'It is the trier of fact, not the appellate court, that must be convinced of a defendant's guilt beyond a reasonable doubt. If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.' "

The main thrust of appellant's argument, in addition to his

contention that respondent's evidence on value was inadmissible, is that respondent did not prove the market value of the cable which was stolen by appellant beyond a reasonable doubt, and that at best only the replacement cost to the Pacific Telephone & Telegraph Company (from which it was stolen) was established. He then contends, since his own witness (a junk dealer) testified that the only open market for the type of cable taken was as "scrap metal," having a value of only $141.20, that we should accept this testimony as the fair market value thereof and reduce the judgment of conviction from grand theft (a felony) to petty theft (a misdemeanor).

Respondent's evidence as to the value of the stolen cable was provided by Davy J. Davidson, the supply foreman for the Pacific Telephone & Telegraph Company for the service area in which the Shingle Springs storage yard is located. Davidson testified that he was able to determine the types and amounts of cable taken from the inventory which he made shortly after the theft was discovered. He further testified that the total purchase price of this cable to the company, and thus its replacement cost on the date of the theft, was $281.16, and that he had arrived at this conclusion from information contained on the packing slips for the same types of cable furnished by the seller, Western Electric Company. Specifically, he testified that when the cable arrived at the storage yard it was accompanied by IBM processed packing slips furnished by the seller, Western Electric Company; that the packing slips, among other information, contained a description of the item, the cost per unit (per 100 feet), whether it was new or used, and the total purchase price of the item; that when he took his inventory he was able to identify the types of cable which were missing and the amounts from the remaining cable on hand in the storage yard; that at that time he was in possession of the packing slips which had accompanied the cable; and that he was able to calculate the replacement price from information contained on these packing slips.

We conclude that Mr. Davidson's testimony was admissible to establish the replacement cost of the stolen cable to Pacific Telephone & Telegraph Company on the date of the theft. The packing slips which he described were similar to price tags or business labels furnished by the seller and kept by the buyer in the regular course of their business, and hence competent to establish the purchase price of the items accompanying these

slips.[1] Moreover, Davidson was the Pacific Telephone & Telegraph Company's employee having custody and control of its supplies at the Shingle Springs storage yard, and entrusted with the responsibility of ordering supplies in the Shingle Springs area as needed. In fact, he testified that he had been working in supply for three and one-half years of his nine and one-half years of employment with the company, and that he had been supply foreman for approximately 16 months. Thus, he was qualified both to testify on the identity and quantity of the missing cables and to calculate their replacement cost from information contained in the packing slips.

█ It is true, as appellant contends, that the fair market value of personal property is the test to be applied in order to determine whether the theft of such property constitutes grand theft or petty theft (Pen. Code, § 484; *People* v. *Lathrop,* 37 Cal.App.2d 341 [99 P.2d 330]; *People* v. *Lenahan,* 38 Cal.App.2d 39 [100 P.2d 515]; *People* v. *Cook,* 233 Cal. App.2d 435 [43 Cal.Rptr. 646]). However, this rule is by necessity subject to the qualification that under circumstances where, for example, the property has a unique or restricted use and an extremely limited market, the actual or replacement cost to the one from whom it was stolen is its fair market value. Otherwise, valuable property rights in certain kinds of property vitally needed in industry would be seriously jeopardized by the mere fact that once stolen the only remaining use for such property, and hence the only market therefor, is as "salvage." Accordingly, we agree with respondent's assertion that under these circumstances the term "market value" is synonymous with the term "replacement value."

█ In the instant case, Davidson's testimony indicates that the stolen cable was unique and was used only by telephone companies; that the purchase price could depend upon the company's specifications which varied from time to time; that Western Electric Company was one of the few manufacturers of telephone cable; that there were several manufacturers in the East, two in Canada, and one in Japan; and that both types of cable stolen were made to the specifications of the Pacific Telephone & Telegraph Company. Thus, we conclude

[1]Under the best evidence rule, the packing slip was the best evidence of its contents. However, appellant did not object on this ground and thus waived the objection (*Sublett* v. *Henry's etc. Lunch,* 21 Cal.2d 273 [131 P.2d 369]; *People* v. *Stuckrath,* 64 Cal.App. 84 [220 P. 433]). Moreover, the employee testified that the slips were probably lost, and secondary evidence is admissible where the document is lost.

that there was also substantial evidence for the court to find that due to the particular circumstances involved in the manufacture and use of telephone cable in general, and of the types of cable stolen by appellant in particular, its replacement cost to the Pacific Telephone & Telegraph Company was in fact its fair market value.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.