448 P.2d 70

**STATE of Arizona, Appellee,**
v.
**Joe JONES, Appellant.**

**No. 1907.**

Supreme Court of Arizona.

In Banc.

Dec. 13, 1968.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Then Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

W. Francis Wilson, Phoenix, for appellant.

McFARLAND, Chief Justice:

Joe Jones, hereinafter referred to as defendant, was tried and found guilty of the crime of Grand Theft, a felony, in violation of A.R.S. § 13–661 and § 13–663, as amended, and sentenced to a term of not less than four years nor more than five years in the Arizona State Penitentiary. From the conviction and judgment he appeals.

The evidence shows that Jones was charged with stealing an evaporative cooler valued in excess of one hundred dollars. The only issue involved in this appeal is that of the value of the cooler. Defendant contended that it did not have a value of a hundred dollars, and therefore he could not have been convicted of more than a misdemeanor.

The evidence in the case was conflicting. The defendant's evidence was to the effect that the cooler did not have a value of a hundred dollars, and the State's evidence was that it had a value of over a hundred dollars. Underhill on Criminal Evidence, Vol. 2, states:

"The criterion of value is the market value of the stolen property at the time and place of the theft. Where such market value cannot be reasonably determined, other evidence of value may be received, such as value at the time of trial unless it appears that value at such time differs from that at the time of taking, or replacement cost, or purchase price. Similarly, if the stolen property has been sold since the theft, the amount received for it is competent.

"The owner's opinion of the value of the stolen property is generally admissible. So, obviously, is that of an expert, or of one who, while not technically an expert, deals in the goods. * * *"

The question of the value of property is one for the determination of the jury. Murphy v. State, 50 Ariz. 481, 73 P.2d 110.

The question then is whether there was substantial evidence before the jury to support the verdict. The evidence supporting the verdict shows that the cooler was new when it was purchased and installed; and that the purchase price was $181.50. Defendant's employer, a dealer in coolers, testified:

"A  You mean what I would get for it?

"Q  Yes.  What would you get for it?

"A  I have gotten different prices.

"Q  What prices have you gotten?  Just in your own words, what have you gotten?  Give us the range of prices.

"A  $110, $115, but I have got to go pick it up and make a profit."

Evidence in the case showed that the original price paid for the cooler was $181.-50. The cooler had been placed in the house, but never operated, as the house had not yet been occupied. The cooler was stolen from the house and was evidently in substantially the same condition as when taken from the store. In the case of State v. Sorrell, 95 Ariz. 220, 388 P.2d 429, in which the evidence was introduced in regard to retail and wholesale values of property, we held:

" * * * The wholesale and retail prices, established by experts if necessary, may fix the range within which the jury may find fair market value. * * *

\*      \*      \*      \*      \*      \*

"And finally, we will not disturb a lower court's denial of a motion for new trial when it appears there was no abuse of discretion. State of Arizona v. Quintana,

**16**

92 Ariz. 267, 376 P.2d 130; State v. Milton, 85 Ariz. 69, 331 P.2d 846 (1958). Nor will we weigh the evidence on a claim that the verdict is contrary to the law and to the evidence unless there is an absence of substantial evidence supporting defendant's guilt. * * *"

 There was sufficient evidence from which the jury could find the market value of the stolen property at the time of the taking to have a value of one hundred dollars, or more.

Judgment affirmed.

UDALL, V. C. J., and STRUCK-MEYER, BERNSTEIN, and LOCK-WOOD, JJ., concur.