## State of Vermont v. Earle Rick Curtis

[443 A.2d 454]

No. 74-81

Present: Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed February 2, 1982

*Martin & Paolini,* Barre, for Defendant.

Per Curiam. On August 18, 1980, the district court found the defendant Earle Curtis guilty of careless and negligent driving in violation of 23 V.S.A. § 1091(a). The court suspended his prison sentence, imposed a fine, and ordered the defendant to make restitution as a condition of probation. Restitution was ordered because the defendant, in the course of committing the offense, struck and damaged a 1973 Oldsmobile automobile. The trial court did not fix the amount of restitution, but ordered the probation officer to determine the amount.

The defendant's probation officer informed the trial court that the amount of restitution could not be fixed, and requested the court to hold a hearing. The court held the hearing on January 23, 1981, and ordered the defendant to "make restitution in the amount of $625.00 for the use and benefit of Steven Newton." This appeal ensued. We reverse.

The defendant challenges the restitution order on two grounds. First, he asserts that there is insufficient evidence in the record to support the trial court's finding that the restitution should equal $625.00. Second, he asserts that the order should be overturned because the trial court did not consider his ability to pay. We agree with the defendant on both claims.

 The probation statute, 28 V.S.A. § 252(b)(5), allows the trial court to order restitution to the victim "for the damage or injury which was sustained." Thus, as a threshold step in the inquiry, the court must determine whether the criminal conduct caused damage and the amount of that damage. The record reveals that the defendant damaged Mr. Newton's automobile, but it does not reveal the extent of that damage. In the context of civil suits, we have held that "the measure of damages to a motor vehicle is fair market value before the injury less fair market value after the injury." *Wells* v. *Village of Orleans, Inc.*, 132 Vt. 216, 223, 315 A.2d 463, 468 (1974). The same measure of damages is applicable in restitution decisions. In this case, there is no credible evidence in the record to support the trial court's conclusion that restitution should be $625.00.

 The restitution statute also provides that the court, in calculating the amount of restitution, cannot order restitution to exceed the defendant's ability to pay. 28 V.S.A. §

252(b)(5). See *State* v. *Benoit,* 131 Vt. 631, 635, 313 A.2d 387, 389 (1973); *State* v. *Godfrey,* 131 Vt. 629, 631, 313 A.2d 390, 391 (1973). The instant record is devoid of any finding on the defendant's ability to pay. Thus, the restitution order cannot stand.

*Reversed and remanded.*