STATE OF NORTH CAROLINA v. JOHN MAYNARD, JR.

No. 855SC650

(Filed 18 February 1986)

**1. Trover and Conversion § 4; Criminal Law § 142.4— destruction of vehicle — amount of restitution to owner improper**

In a prosecution for conversion of a vehicle by a bailee, the trial court erred in ordering defendant to pay $2,507.90 as restitution to the owner of the vehicle as a condition of probation where the court arrived at that figure by adding to the purchase price the amount the owner had invested in repairs and restoration and by subtracting from the result the sum the owner had received from her insurer for loss of the vehicle, since the amount of restitution should have been the fair market value or reasonable worth at the time of the vehicle's destruction.

**2. Criminal Law § 142.3— destruction of vehicle — no restitution to insurer — restitution to owner proper**

Though the trial court could not order defendant to pay restitution to the insurer who had paid a vehicle owner its market value at the time of its destruction, the court could order defendant to pay the vehicle owner a sum no higher than the largest figure contained in the evidence representing fair market value, $1,500 paid to her by her insurer, and defendant could be ordered to pay restitution to the aggrieved party even though she had previously received the sum from a third party. N.C.G.S. § 15A-1343(d).

APPEAL by defendant from *Collier, Judge.* Judgment entered 16 October 1984 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 30 October 1985.

*Attorney General Thornburg, by Associate Attorney General J. Mark Payne, for the State.*

*Robert U. Johnsen for defendant appellant.*

WHICHARD, Judge.

An automobile owner entrusted her vehicle to defendant for repairs and painting. She instructed that defendant was not to drive the vehicle for his personal use. Defendant nevertheless commenced a trip to Texas during which the vehicle "broke down" and was "scrapped."

The State indicted defendant for conversion by bailee in violation of N.C. Gen. Stat. 14-168.1. Following the State's evidence at trial defendant withdrew his plea of not guilty and

the State accepted a plea of guilty of unauthorized use of a motor vehicle in violation of N.C. Gen. Stat. 14-72.2. The court imposed a sentence of two years imprisonment. It suspended the sentence and placed defendant on supervised probation for five years. As a regular condition of probation, N.C. Gen. Stat. 15A-1343, the court ordered defendant to pay $2,507.90 as restitution to the owner of the vehicle. It arrived at this figure by adding to the purchase price the amount the owner had invested in repairs and restoration and by subtracting from the result the sum the owner had received from her insurer for loss of the vehicle.

[1] Defendant's sole contention is that "[t]he amount of restitution . . . is not supported by the evidence, constitutes a penalty or punishment [,] and is therefore excessive as a matter of law." We hold that the measure of damages used to determine the amount of restitution does not accord with the statutory definition of restitution, and that the restitution condition of defendant's probation thus must be vacated.

Restitution as a condition of probation is controlled by statute. N.C. Gen. Stat. 15A-1343(d). The amount of restitution "must be limited to that supported by the record." *Id.* Restitution is defined as "compensation for damages or loss as could ordinarily be recovered by an aggrieved party in a civil action." *Id.* The measure of damages in a civil action for the tortious destruction of personal property is the fair market value or reasonable worth of the property at the time and place of destruction. *Hart v. R.R.,* 144 N.C. 91, 92, 56 S.E. 559 (1907); *Beaufort and Morehead Railroad Co. v. The Damyank,* 122 F. Supp. 82, 84 (E.D.N.C. 1954). *See also R.R. v. Houtz,* 186 N.C. 46, 49, 118 S.E. 850, 851 (1923); *Newsom v. Cothrane,* 185 N.C. 161, 162, 116 S.E. 415, 416 (1923); D. Dobbs, *Remedies* Sec. 5.10 (1973). This measure is a corollary to the more familiar principle that the measure of damages for injury to personal property is the difference between market value immediately before and immediately after the injury. *E.g. Kaplan v. City of Winston-Salem,* 286 N.C. 80, 83, 209 S.E. 2d 743, 746 (1974); *Roberts v. Freight Carriers,* 273 N.C. 600, 606, 160 S.E. 2d 712, 717 (1968). It follows that the measure of damages for property which is destroyed and thus lacks market value is its fair market value immediately prior to destruction.

The owner here testified that the vehicle was "totaled" and was "in the salvage yard in Georgia." The vehicle thus, in effect,

was destroyed, and the measure of damages the owner could recover in a civil action was its fair market value immediately prior to destruction. As noted, the court arrived at its restitution figure by adding to the purchase price the amount the owner had invested in repairs and restoration and subtracting from the result the sum the owner had received from her insurer. Since this measure did not reflect fair market value or reasonable worth at the time of the vehicle's destruction, it did not accord with the statutory definition of restitution for probation purposes and the court erred in applying it.

When asked "the approximate fair market value of [the] vehicle," the owner testified: "I paid thirteen hundred for it." When asked "do you have any other knowledge as to the value of your car other than the price you paid for it," she testified: "No, I don't, except what the insurance company gave me for it." She further testified that the insurer paid her $1,500.00 for the vehicle. There was no other evidence of the fair market value or reasonable worth of the vehicle at the time of its destruction. The court thus could have based restitution as a condition of probation only on this evidence.

[2] The record establishes that the insurer has paid the owner the largest figure representing fair market value contained in the evidence. N.C. Gen. Stat. 15A-1343(d) provides that "no third party shall benefit by way of restitution or reparation as a result of the liability of that third party to pay indemnity to an aggrieved party for the damage or loss caused by the defendant." The court thus cannot order defendant to pay restitution to the insurer. *See State v. Stanley*, 79 N.C. App. 379, 339 S.E. 2d 668 (1986) (filed simultaneously herewith).

N.C. Gen. Stat. 15A-1343(d), as it read when the order was entered, was unclear as to whether a defendant could be ordered to pay restitution to the aggrieved party even though the aggrieved party had previously received the sum from a third party. The 1985 General Assembly amended the statute, however, to read as follows:

> [N]o third party shall benefit by way of restitution or reparation as a result of the liability of that third party to pay indemnity to an aggrieved party for the damage or loss caused by the defendant, *but the liability of a third party to pay indemnity to an aggrieved party or any payment of indemnity*

*actually made by a third party to an aggrieved party does not prohibit or limit in any way the power of the court to require the defendant to make complete and full restitution or reparation to the aggrieved party for the total amount of the damage or loss caused by the defendant.*

1985 N.C. Sess. Laws, ch. 474 (language added by amendment emphasized by the Court). "In construing a statute with reference to an amendment it is presumed that the legislature intended either (a) to change the substance of the original act, or (b) to clarify the meaning of it." *Childers v. Parker's, Inc.*, 274 N.C. 256, 260, 162 S.E. 2d 481, 483 (1968); *see also Desk Co. v. Clayton, Comr. of Revenue*, 8 N.C. App. 452, 458, 174 S.E. 2d 619, 623 (1970). We believe the legislative purpose in enacting the foregoing amendment to N.C. Gen. Stat. 15A-1343(d) was to clarify the original act rather than to change its substance. We thus hold that while the court erred in ordering defendant to pay the aggrieved party a sum that did not accord with the statutory definition of restitution, it may order him to pay her a sum no higher than the largest figure contained in the evidence representing fair market value, *viz*, the $1,500.00 paid to her by her insurer.

Accordingly, the restitution condition of defendant's probation is vacated, and the cause is remanded for entry of an appropriate condition consistent with this opinion.

Condition of probation vacated; remanded for entry of an appropriate condition.

Chief Judge HEDRICK and Judge JOHNSON concur.