Filed 1/20/16  P. v. Anderson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAMON EDWARD ANDERSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B263234<br>(Super. Ct. No. F482481001)<br>(San Luis Obispo County) |

Appellant Damon Edward Anderson was charged with four counts involving forged or non-sufficient funds checks and receiving stolen property, five "strike" priors, and having served three prior prison terms.  (Pen. Code, §§ 470, subd. (d), 476a, subd. (a), 496, subd. (a), 1170.12, subd. (b), and 667.5, subd. (b), respectively.)[1] Confronted with a potential prison sentence of at least 25 years to life as a "three-striker," appellant entered into a negotiated agreement and pled no contest to one count of possession of stolen property—a check written for at most $480—and admitted one "strike."  He was sentenced to six years in prison.  The remaining charges and allegations were dismissed on the People's motion.

Following passage of § 1170.18 (Proposition 47) by voter initiative in November 2014, appellant sought (1) to have the offense reduced to a misdemeanor and

[1] All further statutory references are to the Penal Code.

(2) his release.  The trial court denied the motion.  It decided that despite the dismissal of three of the four counts, the sums of the checks in each of the originally charged counts would be aggregated, resulting in a taking of $1,226, the sum urged by the prosecution.  Because the aggregate value of the checks exceeded $950, the trial court found appellant ineligible for relief under Proposition 47.

The trial court erred when it found that the sum to be considered was the aggregate amount.  In determining whether appellant was eligible for Proposition 47 relief on a specific count, the trial court could not aggregate the sums at issue in other counts to exceed $950 and thereby make appellant statutorily ineligible.  Accordingly, we reverse and remand for the trial court to complete the Proposition 47 analysis.

## DISCUSSION

The record does not disclose the facts surrounding appellant's offense.  He was charged with four offenses involving three checks: one for $420, one for $480, and one for $326.  One of the counts of receiving stolen property involved the check for $420 and the other involved the check for $480.  Although it is unclear which of these two checks was at issue in the count to which he pled guilty, the analysis is the same for each.

Proposition 47 provides that "[a] person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing [under the law] as . . . amended . . . ."  (§ 1170.18, subd. (a).)  "If the petitioner satisfies the[se] criteria . . . , the petitioner's felony sentence *shall* be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b), italics added.)

Appellant was convicted of one felony count of receiving stolen property.  As amended by Proposition 47, this offense is a misdemeanor "if the value of the property does not exceed [$950]"; otherwise, it is a felony.  (§ 496, subd. (a).)  Here, the property was a single check for either $420 or $480.  It did not exceed $950.  Therefore,

2

appellant is entitled to Proposition 47 relief unless the trial court determines that his early release would be unreasonably dangerous to public safety.

The trial court found that appellant "received more than $950 worth of stolen checks." The People argue that "the scope of [his] conduct which constituted receiving stolen property was a factual determination for the trial court." While true, the trial court's finding is still subject to reversal where substantial evidence does not support it. (See *People v. Renfro* (1967) 250 Cal.App.2d 921, 922.) In the count at issue, appellant was charged with and pled guilty to receiving a stolen check worth at most $480. No evidence supports a finding that the check was worth more than that.

The People also assert that because appellant signed a *Harvey* waiver,[2] he may not complain that the sentencing court "consider[ed] the facts underlying dismissed counts and enhancements when determining the appropriate disposition for the offense or offenses of which the defendant stands convicted." (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167.) However, "an informed '*Harvey* waiver' cannot be treated as tantamount to a guilty plea to the dismissed or uncharged crimes, nor may it be employed . . . to set aside the pleading and proving requirements necessary . . . to impose an enhancement term." (*People v. Myers* (1984) 157 Cal.App.3d 1162, 1168.)

We recently addressed a similar issue, involving a conviction for forgery, in *People v. Hoffman* (2015) 241 Cal.App.4th 1304. In *Hoffman*, the People conceded that a forgery conviction "does not authorize the trial court to aggregate check values" in determining eligibility for Proposition 47 relief. (*Id.*, at p. 1310.) Nonetheless, the People argued that a "*Harvey* waiver allowed the trial court to rely on facts underlying the dismissed forgery and grand theft counts to find that [the defendant was] 'outside the spirit' of Proposition 47." (*Id.*, at p. 1311) We rejected that argument in *Hoffman*, concluding that Proposition 47 does not give trial courts such discretion. (*Ibid.*) We reach the same conclusion here.

---

[2] (*People v. Harvey* (1979) 25 Cal.3d 754.)

3

DISPOSITION

The order denying Proposition 47 relief is reversed and this matter remanded for the trial court to determine whether resentencing appellant would pose an unreasonable risk of danger to public safety.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Donald G. Umhofer, Judge[*]

Superior Court County of San Luis Obispo

_____

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Mary Sanchez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

_____

[*] (Retired Judge of the San Luis Obispo Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

5